ROBSON, tax-collector, *et al. vs.* DuBose *et al.*, executors, *et al.*

In order for a tract of land to be a " plantation " within the meaning of §829 of the code, which provides that, where a plantation is on the line between two counties and in two or more counties, the returns for taxation shall be made in the county where the improvements, or most of the improvements, are, and that, where the county line is not definitely ascertained and distinctly marked, the plantation shall be returned in any of the counties which the owner may elect, the tract must constitute one plantation, and the whole must be under the control of the proprietor and cultivated thereunder. Although the owner of the land may have so controlled and cultivated it, yet if, after his death, his executors did not do so, but instead thereof farmed it out in parcels rented to tenants, they having no control of the tenants, and the latter cultivated such parcels as they thought proper, the lands did not constitute one plantation, but should have been returned for taxation under the general law contained in §873 of the code.

(a) Where the executors returned the land in the counties where it was located, and the tax-collector of one county issued an execution for taxes upon the entire property as one plantation, while the tax-collector of the other was proceeding to collect taxes on that portion of the land which lay in his county, and thereupon the executors filed a bill, praying that the collectors interplead, and the rights of the parties be determined, to which the collectors answered, setting up their respective claims, it was error to dissolve the injunction as to one of them, and continue it as to the other. It should have been continued as to both until the facts could be determined by a jury.

November 22, 1887.

Tax. County Matters. Words and Phrases. Injunction. Before Judge BOYNTON. Hancock Superior Court. April Term, 1887.

Reported in the decision.

J. A. ROBSON; R. J. HARRIS, by brief, for plaintiff in error.

C. W. DuBOSE; J. T. JORDAN, by HARRISON & PEEPLES, for defendant.

BLANDFORD, Justice.

C. W. DuBose and T. J. Worthen, as executors of David Dickson, deceased, brought their bill in the nature of a bill of interpleader, in the superior court of Hancock county, against the tax-collector of Hancock county and the tax-collector of Washington county. In this bill they alleged that they, as such executors, had given in some 5,500 acres of land of the estate of Dickson for taxes in the county of Washington, for which the tax-collector of Washington county was seeking to collect taxes; that the tax-collector of Hancock county had issued an execution for taxes upon the same land, claiming that it was part of a plantation of said Dickson, which lay in both counties and was cut by the county line, and that most of the improvements on the plantation were in the county of Hancock; and said executors prayed that the tax-collectors of these counties interplead, and that the rights of the parties be determined.

This bill was answered by the tax-collectors of both counties. The tax-collector of Washington county alleged that this land which lay in the county of Washington was divided into small farms, rented out to tenants, and not conducted as one plantation, and was therefore liable for taxes in that county. The tax-collector of Hancock, on the other hand, contended that the land in Washington county, together with the land in Hancock county, formed one and the same plantation; and further contended that the matter had been settled in David Dickson's lifetime, viz. in 1879, when he filed an affidavit of illegality to an execution issued by the tax-collector of Washington county upon the land in question, claiming in his affidavit that these lands in the county of Washington were a part of his plantation, upon which taxes were paid in the county of Hancock; that this affidavit of illegality had been sustained by the superior court of Washington county, and that the matter was therefore adjudicated. This affidavit was read

before the chancellor in this case, together with certain interrogatories of David Dickson and others, which had been introduced in evidence upon the trial of the illegality case in Washington county.

The chancellor, who had granted a temporary injunction against both of these counties, dissolved the injunction against Hancock, and continued the injunction as to Washington. The tax-collector of Washington excepted, and brings the case here for review.

According to section 829 of the code, where a plantation is on the line between two counties, and in two or more counties, the returns shall be made in the county where the improvements or most of the improvements are; and where the county line is not definitely ascertained and distinctly marked, the plantation shall be returned for taxation in any of the counties which the owner may elect. But it must be a plantation —one plantation. The word "plantation," as here applied, is defined by Webster's Dictionary as "a large estate, cultivated chiefly by negroes, either slaves or free, who live in a distinct community on the estate, under the control of the proprietor or master." The whole must be under the control of the proprietor, and it must be cultivated under his control. While these lands may have constituted part of the plantation of David Dickson in the year 1879, yet if the executors thought proper not to cultivate or carry it on as one plantation after his death, but instead to farm it out in parcels, rented to tenants, they having no control of the tenants, and the tenants cultivating such parcels as they, the tenants, might think proper, these lands did not constitute one plantation, but the plantation was broken up; and the lands should be returned under the general law, as provided in section 873 of the code, which embraces the acts of 1872 and the act of 1873, requiring that the land shall be returned for taxes in the county where it lies.

This was a question that should have been determined

by the jury. The chancellor, in our opinion, should not have dissolved the injunction as to Hancock county, but should have held it up to the trial; and if on the trial the facts should appear as stated, viz. that this land was divided into smaller tracts, farmed out or rented to different tenants, the executors having no control over these tenants further than to collect their rents from them, it was no longer a plantation, within the meaning of section 829 of the code, and the lands were liable to pay taxes in the counties in which they were respectively situated.

The court having erred, in our opinion, in dissolving the injunction as to the county of Hancock, we reverse the judgment.

Judgment reversed.